UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHONDA GILBERT,<br><br>    Plaintiff,<br><br>v.<br><br>GATESTONE & CO. INTERNATIONAL INC.,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:20-cv-07396<br><br>DEMAND FOR JURY TRIAL |

## **COMPLAINT**

NOW COMES Plaintiff SHONDA GILBERT ("Plaintiff"), by and through her attorneys, Consumer Law Partners, complaining as to the conduct of GATESTONE & CO. INTERNATIONAL INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

1

**PARTIES**

4. Plaintiff is a disabled consumer over 18-years-of-age residing in Cook County, Illinois, which is located within the Northern District of Illinois.

5. Defendant is a third-party debt collection agency organized under the laws of the state of Delaware. Defendant's principal place of business is located at 455 North 3rd Street, Suite 260, Phoenix, Arizona 85004, and its registered agent in Illinois is C T Corporation System located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604. Defendant regularly collects upon consumers across the country, including those residing in the state of Illinois.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action arises out of Defendant's attempts to collect upon a purportedly outstanding consumer debt ("subject debt") said to be owed by Plaintiff.

8. The subject debt stems from purportedly past due payments Plaintiff is said to owe in connection with an American Express ("AMEX") credit card Plaintiff used for personal purposes.

9. On information and belief, Defendant acquired the collection rights to the subject debt after Plaintiff's purported default with AMEX and after AMEX charged off the subject debt.

10. On or about November 26, 2020, Defendant sent or caused to be sent to Plaintiff a collection letter (the "collection letter") seeking collection of the subject debt. *See* attached Exhibit A for a true and correct copy of Defendant's correspondence, dated November 26, 2020.

11. This collection letter was the first written communication Plaintiff received from Defendant in connection with the subject debt.

12. The collection letter represents an "Amount Owing" of $4,393.85. *Id.*

13. The collection letter goes on to state, "As of the date of this letter, you owe $4,393.85. Because of interest, **late charges, and other charges** that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment." *Id.* (emphasis added).

14. As a result of Defendant's language, Plaintiff believed that, in addition to any interest that may accrue on the AMEX account, the subject debt may be imminently increased due to the accrual of some sort of "other charges."

15. Moreover, Plaintiff did not recall owing AMEX the amount set forth in Defendant's collection letter, so in early December 2020, Plaintiff accessed Defendant's online portal (https://www.gatestoneco.com/) in an effort to obtain additional information regarding the subject debt.

16. Upon inputting her personal information, Plaintiff was directed to her account details, which reflected a balance of $4,433.85, as seen below:

Account Details For:
SHONDA GILBERT
11301 S BISHOP ST
CHICAGO, IL
60643

This balance may differ from that found in your letter. Please note this balance reflects interest (if applicable) and other transactions up to and including the current date.
Payments which have not been debited from your bank account will not be deducted from your balance until successfully processed.

| Client | Account Number | Balance |
|---|---|---|
| AMERICAN EXPRES | 3792XXXXXXXXXXX | $4,433.85 |
| | Total Owing: | $4,433.85 |

17. Defendant's portal further noted that "This balance may differ from that found in your letter. Please note this balance reflects interest (if applicable) and other transactions up to and including the current date."

18. Plaintiff became even more confused by Defendant's portal, as based on Defendant's language in its portal and collection letter, Plaintiff did not know if the increase in balance was a result of interest, late charges, or other charges.

19. Defendant's communications deceived and misled Plaintiff as to the extent of any purported liability in connection with the subject debt, as she was confused and left wondering the nature of extent of her overall liability on the subject debt, given Defendant's failure to clearly explain the nature of the subject debt.

20. Moreover, Defendant's suggestion at the time it sent the collection letter that "late charges, and other charges that may vary from day to day" was false, deceptive, and misleading.

21. While interest may very well have been added to the subject debt, it is evident that any "other charges that may vary from day to day" were illusory and would not have come about in the manner referenced by Defendant.

22. Upon information and belief, whereas the underlying AMEX cardmember agreement between Plaintiff and AMEX allowed for interest and late charges that could have potentially varied from day to day, such underlying contract did not allow nor provide for the imposition of any "other charges" that could conceivably "vary from day to day."

23. Instead, the only "other charges" that could have conceivably "vary from day to day" would have been collection costs that arose had AMEX turned collection of the subject debt over to an attorney for collection purposes.

24. Since Defendant is clearly not an attorney, no "other charges" could have potentially "varied from day to day," rendering Defendant's suggestion that such illusory charges could be added and may vary from day to day false, deceptive, and misleading.

25. Upon information and belief, Defendant's deceptive and misleading language was included in its collection letter in a blanket effort to provide Plaintiff with "safe harbor" language courts have approved of in situations where debt collectors attempt to collect upon variable debts.

26. However, Defendant's choice to blindly follow such language, without considering how, under the instant circumstances, such language was false, deceptive, and misleading, underscores the deceptive and misleading nature of Defendant's collection efforts.

27. In conjunction with Defendant's misleading language surrounding the subject debts, Defendant has also placed a number of phone calls to Plaintiff's cellular phone, (708) XXX-8466, in an effort to collect upon the subject debt.

28. Plaintiff informed Defendant that she is disabled and has limited financial resources, as she is unable to work.

29. Rather than understanding Plaintiff's condition and financial situation, Defendant's representatives continued placing systematic phone calls, and persisted with their coercive attempts at extracting payment from Plaintiff.

30. Aggravated over Defendant's harassing contacts, Plaintiff demanded that Defendant stop contacting her.

31. Yet, Defendant willfully ignored Plaintiff's demands and has continued placing phone calls to Plaintiff's cellular phone through the winter of 2020.

32. Confused and concerned by the nature of Defendant's collection letter and annoyed over Defendant's persistent contacts, Plaintiff was forced to retain counsel, and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

33. Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to expending time addressing and dealing with Defendant's confusing and misleading conduct, being deprived the ability to intelligently address the subject debt given Defendant's violations of law, and a violation of her state and federally protected interests to be provided clear and accurate information regarding the debt serving as the basis of Defendant's collection efforts.

34. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

35. Plaintiff repeats and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

37. Defendant is a debt collector, as defined by 15 U.S.C. § 1692a, because it is a person who uses any instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and because it regularly use the mails and/or telephones to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another. Defendant has also been a member of the Association of Credit and Collection Professionals ("ACA") since 2004.[1]

38. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

---
[1] http://www.acainternational.org/search#memberdirectory

### a. Violations of the FDCPA, §1692c(a)(1) and d

39. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

40. In addition, this section enumerates specific violations, such as:

> (5) "Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. 15 U.S.C. § 1692d(5).

41. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified that Plaintiff was insolvent and to stop calling. Yet, Defendant continued to place repeated phone calls to Plaintiff's cellular phone with the hopes that the sustained pressure would cause Plaintiff to succumb to Defendant's efforts and remit payment. This repeated behavior of systematically calling Plaintiff's cellular phone, in spite of her demands, was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

### b. Violations of FDCPA § 1692e

42. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

43. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A)

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

7

44. Defendant violated § 1692e, e(2), and e(10) through its false, deceptive, and misleading representation that the subject debt could have accrued other charges that may vary day to day. Because the underlying contract did not provide for such "other charges" that "may vary day to day" which Defendant would be able to collect, Defendant's representations to the contrary are inherently false, deceptive, and misleading under the FDCPA. Defendant's false, deceptive, and misleading representations misled and deceived Plaintiff into believing that the subject debt may be imminently increased by such varying "other charges," when the only variable "other charges" could, and would, not have been tacked on to the overall balance of the subject debt at the time the collection letter was sent. This underscores Defendant's lack of lawful ability to add such other charges in a manner that may vary day to day, as well as Defendant's lack of intent to add such other charges that may vary day to day. Defendant cannot immunize itself from liability by blindly copying and pasting the *Miller* safe harbor language without regard for whether that language is accurate under the circumstances. *Boucher v. Fin. Sys. of Green Bay,* 880 F.3d 362, 371 (7th Cir. 2018).

    c. **Violations of FDCPA, § 1692f**

45. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

46. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiff numerous times after being told that she could not pay and to stop calling. Plaintiff was already confused by Defendant's misleading communications, and Defendant's persistent attempts to coerce Plaintiff into payment by placing voluminous phone calls after receiving this information is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

47. As pled in paragraphs 32 through 34, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, SHONDA GILBERT, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 14th day of December, 2020.　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Taxiarchis Hatzidimitriadis*
　　　　　　　　　　　　　　　　　　　　　　　Taxiarchis Hatzidimitriadis #6319225
　　　　　　　　　　　　　　　　　　　　　　　David S. Klain #0066305
　　　　　　　　　　　　　　　　　　　　　　　CONSUMER LAW PARTNERS, LLC
　　　　　　　　　　　　　　　　　　　　　　　333 N. Michigan Ave., Suite 1300
　　　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60601
　　　　　　　　　　　　　　　　　　　　　　　(267) 422-1000 (phone)
　　　　　　　　　　　　　　　　　　　　　　　(267) 422-2000 (fax)
　　　　　　　　　　　　　　　　　　　　　　　teddy@consumerlawpartners.com

　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff, Shonda Gilbert*